UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　Plaintiff<br><br>v.<br><br>ELY STATE PRISON, et al.,<br><br>　　　　Defendants | Case No.: 2:25-cv-01736-APG-DJA<br><br>**Order Denying In Forma Pauperis Application and Declaring Nunn Three Strikes under 28 U.S.C. § 1915(g)**<br><br>[ECF No. 1] |

**I.　DISCUSSION**

Tyrone Noel Nunn, who is in the custody of the Nevada Department of Corrections (NDOC), has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis. ECF Nos. 1, 1-1. However, on at least seven prior occasions, the court has dismissed civil actions commenced by Nunn, while in detention, for failure to state a claim upon which any relief may be granted.[1]

Under 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed in forma pauperis and, instead, must pay

---

[1] *See Nunn v. L.A. Trama*, 3:23-cv-00646-MMD-CLB (dismissed on January 24, 2024, for failure to state a claim); *Nunn v. State of Nevada*, 2:24-cv-01239-GMN-EJY (dismissed on March 4, 2025, for failure to state a claim); *Nunn v. State of Nevada*, 2:24-cv-01286-RFB-BNW (dismissed on May 29, 2025, for failure to state a claim); *Nunn v. High Desert State Prison*, 2:24-cv-01323-RFB-NJK (dismissed on June 3, 2025, for failure to state a claim); *Nunn v. High Desert State Prison*, 2:24-cv-01955-JAD-EJY (dismissed on June 20, 2025, for failure to state a claim); *Nunn v. Department of Corrections*, 2:24-cv-02149-CDS-MDC (dismissed on June 16, 2025, for failure to state a claim); and *Nunn v. High Desert State Prison*, 2:24-cv-02118-CDS-NJK (dismissed on August 11, 2025, for failure to state a claim).

the full $405 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Nunn brings claims about his inability to exercise his religious rights between July 2023 and March 2024. ECF No. 1-1. Nunn also alleges that he was stabbed on February 24, 2024, and notes that he could have died without being baptized. These allegations fail to plausibly allege that Nunn is in imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). Nunn's allegations take place well over a year and a half before he filed this complaint. As such, Nunn must pre-pay the $405 filing fee in full.

## II. CONCLUSION

I THEREFORE ORDER that Nunn's application to proceed in forma pauperis **(ECF No. 1) is denied**.

I FURTHER ORDER that this action will be dismissed without prejudice unless Nunn pays the $405 filing fee in full **by October 22, 2025**.

I FURTHER ORDER that the Clerk of the Court send Nunn two copies of this order. Nunn will make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

Dated: September 22, 2025

_____
Andrew P. Gordon
Chief United States District Judge